ORIGINAL

REISSUED FOR PUBLICATION
SEP 14 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

FILED
AUG 11 2017
OSM
U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| AMBER PETERSON, | * | |
| | * | No. 16-1608V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: August 11, 2017 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Decision dismissing case; |
| | * | failure to prosecute. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | | |

Amber Peterson, Las Vegas, NV, pro se;
Alexis Babcock, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Amber Peterson filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10 through 34 (2012) on December 5, 2016. The petition alleged that she developed an unspecified illness that caused her to be hospitalized as a result of the Tdap vaccination she received on November 7, 2016. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

A detailed procedural history of this case can be found in the order to show cause, filed May 31, 2017. In that order, Ms. Peterson was instructed to show

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

cause as to why this case should not be dismissed by July 31, 2017. To date, Ms. Peterson has not responded.

## II. Analysis

When a petitioner (or plaintiff) fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Additionally, to receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Peterson suffered a "Table Injury." Thus, Ms. Peterson is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, Ms. Peterson did not file any medical records to support her claim. Accordingly, Ms. Peterson failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED.**

*Christian J. Moran*
Christian J. Moran
Special Master